UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO.:

ALLISON J. DUKES,

     Plaintiff,

v.

LAKULESH INC,
d/b/a BAYMONT BY WYNDHAM
MIDWAY/TALLAHASSEE
and PRATIKKUMAR PATEL, individually,

     Defendants

_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ALLISON J. DUKES, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants LAKULESH INC. d/b/a BAYMONT BY WYNDHAM MIDWAY/TALLAHASSEE and PRATIKKUMAR PATEL, individually and alleges:

## JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid regular wages, minimum wages, and retaliation under the laws of the United States. This

Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff ALLISON J. DUKES (hereinafter ALLISON J. DUKES, or Plaintiff) is a resident of Gadsden County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant LAKULESH INC. d/b/a BAYMONT BY WYNDHAM MIDWAY/TALLAHASSEE (hereinafter BAYMONT BY WYNDHAM, or corporate Defendant) is a Florida corporation, having a place of business in Gadsden County, Florida, where Plaintiff worked for Defendant. At all times, Defendant was engaged in interstate commerce.

4. The individual Defendant PRATIKKUMAR PATEL was and is now owner/president and manager of BAYMONT BY WYNDHAM. Defendant PRATIKKUMAR PATEL was the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)] and is jointly liable for the Plaintiffs' damages.

5. All the actions raised in this Complaint took place in Gadsden County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff ALLISON J. DUKES to recover from Defendants unpaid regular wages, minimum wages, liquidated

damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant LAKULESH INC. d/b/a BAYMONT BY WYNDHAM MIDWAY/TALLAHASSEE operates BAYMONT BY WYNDHAM. This hotel is located at 81 Commerce Blvd, Midway, FL 32343, where Plaintiff worked.

8. Defendant BAYMONT BY WYNDHAM and PRATIKKUMAR PATEL employed Plaintiff ALLISON J. DUKES as a non-exempted, full-time, hourly employee from approximately November 21, 2022, to January 30, 2023, or 10 weeks.

9. Plaintiff had duties as a housekeeper. Plaintiff's wage rate was set at $11.50 an hour.

10. During her time of employment with Defendants, Plaintiff had a regular schedule of 5 days per week. Plaintiff worked from 8:50 AM to 3:00 PM (6 hours daily approximately).  Plaintiff worked 30 hours every week. Plaintiff did not take bonafide lunch periods.

11. Thus, Plaintiff worked regularly and consistently a total of 30 hours every week. However, Plaintiff was not paid all her regular wages Plaintiff did not

receive compensation for all her hours worked at any rate, not even at the minimum wage rate, as required by law.

12. Plaintiff is missing approximately 7 days of work or 42 hours.

13. Plaintiff used a sign in and sign out sheet, Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

14. Therefore, Defendants willfully failed to pay Plaintiff regular wages at least at the minimum wage rate, for every hour that she worked in violation of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

15. On January 30, 2023, Plaintiff complained about her missing payment for regular hours, to the owner Defendant PRATIKKUMAR PATEL. That same day, Defendant PRATIKKUMAR PATEL refused to pay Plaintiff her wages and told Plaintiff not to come back and evicted Plaintiff from the hotel. At the time, Plaintiff was renting a room at BAYMONT BY WYNDHAM, at the rate of approximately $49.00 per night.

16. Plaintiff ALLISON J. DUKES intends to recover all her regular hours,, liquidated damages, retaliatory damages, and any other relief as allowable by law.

17. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were

subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum wages and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

<u>**COUNT I:**</u>
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:**
**FAILURE TO PAY MINIMUM WAGE, AGAINST ALL DEFENDANTS**

18. Plaintiff ALLISON J. DUKES re-adopts every factual allegation as stated in paragraphs 1-17 of this Complaint as if set out in full herein.

19. Defendant BAYMONT BY WYNDHAM was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides lodging services through its business activity, affecting interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce, by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

20. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce. Plaintiff's work was directed to maintain facilities providing hotel services. Additionally, Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business, Therefore, there is FLSA individual coverage.

21. This action is brought by Plaintiff ALLISON J. DUKES and those similarly situated to recover from the Employer BAYMONT BY WYNDHAM and PRATIKKUMAR PATEL unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

22. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

23. Defendant BAYMONT BY WYNDHAM and PRATIKKUMAR PATEL employed Plaintiff ALLISON J. DUKES as a non-exempted, full-time, hourly employee from approximately November 21, 2022, to January 30, 2023, or 10 weeks.

24. Plaintiff had duties as a housekeeper. Plaintiff's wage rate was set at $11.50 an hour.

25. During her time of employment with Defendants, Plaintiff had a regular schedule of 5 days per week. Plaintiff worked from 8:50 AM to 3:00 PM (6 hours daily approximately).  Plaintiff worked 30 hours every week. Plaintiff did not take bonafide lunch periods.

26. Thus, Plaintiff worked regularly and consistently a total of 30 hours every week. However, Plaintiff was not paid all her regular wages Plaintiff did not receive compensation for all her hours worked at any rate, not even at the minimum wage rate, as required by law.

27. Plaintiff is missing at least 7 days of work or 42 hours.

28. Plaintiff used a sign in and sign out sheet, Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

29. Therefore, Defendant willfully failed to pay Plaintiff minimum wages, in violation of the Fair Labor Standards Act of 1938 (29 U.S.C. §206 (a)).

30. The records, if any, concerning the number of hours worked by Plaintiff and all others similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

31. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

32. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

33. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of the unpaid minimum wage is as follows:

*Plaintiff wage rate was $11.50 an hour. Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

Four Hundred Sixty Two and 00/100 ($462.00 )

b. <u>Calculation of such wages</u>:

Total weeks of employment:  10 weeks
Total hours worked: 30 hours weekly
Total number of unpaid hours:  42 regular hours approximately
2022- 2023  Fl. Minimum wages: $11.00 an hour

Min. Wage $11.00 x 42 hours=$462.00

c. <u>Nature of wages</u>:

This amount represents unpaid minimum wages at Florida's minimum wage rate. .[1]

34. Defendants BAYMONT BY WYNDHAM and PRATIKKUMAR PATEL knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act.

35. At the times mentioned, individual Defendant PRATIKKUMAR PATEL was the owner and manager of BAYMONT BY WYNDHAM.  Defendant PRATIKKUMAR PATEL was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves her rights to amend the calculations.

interests of BAYMONT BY WYNDHAM in relation to its employees, including Plaintiff and others similarly situated. Defendant PRATIKKUMAR PATEL had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly and severally liable for Plaintiff's damages.

36. Defendants BAYMONT BY WYNDHAM and PRATIKKUMAR PATEL willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages since the date of her constructive discharge, and Plaintiff is entitled to recover double damages.

37. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ALLISON J. DUKES and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ALLISON J. DUKES and against the Defendants BAYMONT BY WYNDHAM and PRATIKKUMAR PATEL based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff ALLISON J. DUKES and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

<u>**COUNT II:**</u>
<u>**FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;**</u>
<u>**PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS**</u>

38. Plaintiff ALLISON J. DUKES re-adopts each and every factual allegation as stated in paragraphs 1-17 of this Complaint as if set out in full herein.

39. Defendant BAYMONT BY WYNDHAM was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides lodging services through its business activity, affecting interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce, by regularly and recurrently using the instrumentalities of

interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

40. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce. Plaintiff's work was directed to maintain facilities providing hotel services. Additionally, Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business, Therefore, there is FLSA individual coverage.

41. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

42. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be

instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, ......"

43. Defendant BAYMONT BY WYNDHAM and PRATIKKUMAR PATEL employed Plaintiff ALLISON J. DUKES as a non-exempted, full-time, hourly employee from approximately November 21, 2022, to January 30, 2023, or 10 weeks.

44. Plaintiff had duties as a housekeeper. Plaintiff's wage rate was set at $11.50 an hour.

45. During her time of employment with Defendants, Plaintiff had a regular schedule of 5 days per week. Plaintiff worked from 8:50 AM to 3:00 PM (6 hours daily approximately).  Plaintiff worked 30 hours every week. Plaintiff did not take bonafide lunch periods.

46. Thus, Plaintiff worked regularly and consistently a total of 30 hours every week. However, Plaintiff was not paid all her regular wages Plaintiff did not receive compensation for all her hours worked at any rate, not even at the minimum wage rate, as required by law.

47. Plaintiff used a sign in and sign out sheet, Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

48. Therefore, Defendant willfully failed to pay Plaintiff minimum wages, in violation of the Fair Labor Standards Act of 1938 (29 U.S.C. §206 (a)).

49. On January 30, 2023, Plaintiff complained about her missing payment for regular hours, to the owner Defendant PRATIKKUMAR PATEL. That same day, Defendant PRATIKKUMAR PATEL refused to pay Plaintiff her wages and told Plaintiff not to come back and evicted Plaintiff from the hotel. At the time, Plaintiff was renting a room at BAYMONT BY WYNDHAM, at the rate of approximately $49.00 per night.

50. Plaintiff's complaint constituted a protected activity under the Fair Labor Standards Act.

51. At the time of her termination, Plaintiff was performing the essential functions of her position satisfactorily. There was no other reason than retaliation to fire her.

52. There is close proximity between Plaintiff's protected activity and her termination.

53. The motivating factor which caused Plaintiff's discharge, as described above, was her complaint seeking unpaid wages from Defendants. In other words, Plaintiff would not have been fired and evicted but for her complaint about unpaid wages.

54. The Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

55. Plaintiff ALLISON J. DUKES has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay a reasonable Attorney's fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiff ALLISON J. DUKES respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants BAYMONT BY WYNDHAM and PRATIKKUMAR PATEL, that Plaintiff ALLISON J. DUKES recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants BAYMONT BY WYNDHAM and PRATIKKUMAR PATEL to make whole the Plaintiff by providing

appropriate back pay and other benefits wrongly denied in an amount to

be shown at trial and other affirmative relief;

E.  Plaintiff further prays for such additional relief as the interests of justice

may require.

<u>JURY DEMAND</u>

Plaintiff ALLISON J. DUKES demands trial by jury of all issues triable as of

right by jury.

Dated:  February 28, 2023.                                                                ,

Respectfully submitted,

By:  **_/s/ Zandro E. Palma_____**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:      (305) 446-1500
Facsimile:      (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*